UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>EMBRACE HOME LOANS, INC.,<br><br>　　　　　　　Defendant. | Case No. 0:13-cv-03457-PAM-JJG<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |

_____

## INTRODUCTION

In an apparent race to the courthouse to toll the statute of limitations, Plaintiff Residential Funding Company ("RFC") filed 67 nearly identical complaints in this district against 67 mortgage correspondents, including Defendant Embrace Home Loans, Inc. ("Embrace"). Without providing loan dates or other identifying information, each of these complaints alleges that the defendant sold unspecified loans to RFC (an aggregator of residential mortgage loans and an issuer of mortgage-backed securities) that did not comply with agreed-upon originating and underwriting standards. As a result, RFC claims RFC incurred significant liability to its investors in "numerous" unspecified lawsuits and was forced to file for bankruptcy protection. RFC now seeks to recover damages and indemnification from Embrace and 66 other mortgage correspondents.

In its haste to file a barrage of complaints, RFC has failed to meet even minimal pleading standards. RFC does not provide any factual support for its conclusion that

Embrace breached its agreements with RFC and contributed to RFC's damages. Notably, RFC does not identify which contractual provisions Embrace breached, which of Embrace's loans are defective, how many of Embrace's loans are defective, how those loans are defective, when those loans were sold to RFC, whether Embrace's defective loans were the subject of the litigation between RFC and its investors, or whether Embrace's defective loans actually contributed to RFC's damages. Furthermore, of the two pieces of litigation that RFC identifies as sources of its damages, one apparently did not involve Embrace loans, and the other was a suit against RFC for its own securities fraud, which cannot be the basis for Embrace's liability. Embrace therefore respectfully requests that the Court dismiss RFC's complaint with prejudice.

## FACTS

In February of 1997, RFC and Embrace (formerly known as Advanced Financial Services, Inc.) entered into a business arrangement in which Embrace agreed to sell loans to RFC in accordance with the terms of RFC's Client Guide. (Compl. Ex. A at p. 1.) The Client Guide sets forth the parties' contractual relationship, including originating and underwriting standards that Embrace must follow. (Compl. Ex. B.) If Embrace fails to comply with these standards, RFC may, under some circumstances, demand that Embrace repurchase defective loans. (Compl. at ¶ 28.) Additionally or alternatively, RFC may demand indemnification for all losses resulting from Embrace's breach of the Client Guide. (*Id.* at A212.)

RFC asserts breach-of-contract and indemnification claims against Embrace, alleging that Embrace did not comply with the originating and underwriting standards in

the Client Guide. In support of these claims, RFC alleges that "[i]nternal reviews conducted by RFC . . . determined that many of the loans sold to RFC by [Embrace] violated the Client Guide and/or other representations or warranties made by [Embrace]." (*Id.* at ¶ 33.) Although RFC broadly asserts that 39% of the Embrace loans RFC reviewed were defective, it does not identify any allegedly defective loans, nor does it allege how many actual loans were reviewed, how those loans were selected for review, or when these loans were sold to RFC. (*Id.*) Additionally, RFC states that 43.5% of *all* loans RFC's expert reviewed were materially defective, but it does not identify how many of the loans reviewed were sold by Embrace, when they were sold, or why they were considered materially defective. (*Id.* at ¶ 35.)

Aside from failing to specify which loans are at issue, RFC does not identify which of the many versions of the Client Guide is applicable (indeed, RFC does not attach a complete copy of any of the potentially applicable Client Guides to the complaint or allege all of the material terms of the Client Guide in its complaint). Nor does RFC allege which provisions of the Client Guide Embrace breached. Instead, RFC makes the vague and conclusory allegation that, "[u]pon information and belief, the types of defects [in Embrace's loans] varied, but included owner occupancy fraud, appraisal fraud or inaccuracies, income misrepresentations, employment misrepresentation, undisclosed debt, and missing or inaccurate documents, among others." (*Id.* at ¶ 34.)

RFC also claims that the alleged loan defects resulted in dozens of repurchase demands, lawsuits, and proofs of claim against RFC by its investors. (*Id.* at ¶¶ 43-61.) But RFC does not explain which repurchase demands, lawsuits, and proofs of claim

3

involved Embrace's loans, whether any such loans were actually defective, or whether such loans contributed to RFC's ultimate liability. (*Id*.) Instead, RFC relies on conclusory allegations that "[a]cross the dozens of securitizations involved in these lawsuits, [Embrace] was responsible for many of the loans" and "proofs of claim sought damages in the tens of billions of dollars, all stemming from allegedly defective mortgage loans, including those sold to RFC by [Embrace]." (*Id.* at ¶¶ 51, 53.)

On the basis of these allegations, RFC seeks "damages equivalent to the contractual repurchase price specified in the [parties' contracts] and/or damages sufficient to make RFC whole for its purchase of defective loans." (*Id.* at ¶ 66.) RFC also seeks indemnification "for the losses and damages, including attorneys' fees and costs, which RFC has incurred." (*Id.* at ¶¶ 69-70.) Embrace now brings this motion to dismiss RFC's complaint because RFC's claims are insufficiently pled.

## STANDARD OF REVIEW

To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must include "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint that merely states "labels and conclusions" or makes "naked assertion[s]" without "further factual enhancement" does not meet this standard. *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In applying this standard, a court must "assume the veracity" of only "well-pleaded factual allegations." *Id.* at 1950. Allegations that are "no more than conclusions" "are not entitled to the assumption of truth." *Id.* Moreover, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S. Ct. at 1965. Thus, a

complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (citation and quotation omitted). Rather, it must set forth facts sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 1974.

## ARGUMENT

To prevail on a breach-of-contract claim, a plaintiff must prove: (1) the existence of a contract; (2) the plaintiff's performance of any conditions precedent; (3) the defendant's material breach of the contract; and (4) damages. *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 789 F.Supp.2d 1148, 1155 (D. Minn. 2011). Likewise, to prevail on a contractual indemnification claim, a plaintiff must establish: (1) the existence of an indemnity agreement; (2) the plaintiff's performance of any conditions precedent; and (3) the defendant's breach of the agreement. *Swiss Reinsurance Am. Corp. v. SuperValu, Inc.*, 743 F. Supp. 2d 1050, 1059 (D. Minn. 2010). RFC's complaint does not sufficiently plead Embrace's breach of the contract (including the indemnification agreement) or resulting damages. The Court should therefore dismiss RFC's claims with prejudice.

**I.     The Complaint Does Not Sufficiently Allege That Embrace Has Breached Any Part of the Contract, Including the Indemnification Provision**

RFC's indemnification claim should be dismissed with prejudice because RFC has not alleged that Embrace breached its agreement to indemnify RFC. Nowhere does the complaint say that Embrace *refused* to indemnify RFC upon RFC's request, in breach of the parties' agreement. RFC's indemnification claim therefore fails.

Moreover, RFC's claims fail because RFC's conclusory allegations that, at some point in the past seventeen years, Embrace delivered loans that were not underwritten in accordance with the parties' agreement are woefully insufficient. To survive a motion to dismiss a breach-of-contract claim, a plaintiff must allege which contract provision(s) the defendant breached. *See Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1013 (D. Minn. 2008); *T.B. Allen & Assocs., Inc. v. Euro-Pro Operating LLC*, CIV. 11-3479, 2012 WL 2508021, at *2 (D. Minn. June 28, 2012). Additionally, the plaintiff must allege with specificity how the defendant breached the contract—*i.e.*, what the defendant did that constitutes breach. *See Schlief v. Nu-Source, Inc.*, CIV. 10-4477, 2011 WL 1560672, at *4 (D. Minn. Apr. 25, 2011) (dismissing defendant's claim for breach of confidentiality agreement because defendant alleged that plaintiff "cop[ied] all of the computer's data, including confidential company data, onto an external hard drive," but failed to "identify[] the *type* of [] confidential information that [plaintiff] copied") (emphasis added); *European Roasterie, Inc. v. Dale*, CIV. 10-53, 2010 WL 1782239, at *5 (D. Minn. May 4, 2010) (dismissing defendant's claim that plaintiff "began to sell [] coffee products that did not satisfy [grade and quality] requirements" because it failed to state "how the goods were non-conforming, which particular goods were non-conforming, when they were delivered, and when [defendant] learned that the goods were non-conforming").

Consistently, cases analyzing claims of improper underwriting generally require that the plaintiff allege which contract provisions the defendant breached (or what misrepresentation the defendant made), which loans were defective, and how each loan

6

was defective. *See Bank Hapoalim B.M. v. Bank of Am. Corp.*, Nos. 12-CV-4316 and 12-CV-4317, 2012 WL 6814194, at *5 (C.D. Calif. Dec. 21, 2012) (explaining that claim was sufficiently pled because the complaints "specifically identif[ied] the misstatements in the Offering Documents and how they [we]re false" using evidence from a large sample of loans); *Plumbers & Pipefitters' Local #562 v. J.P. Morgan Acceptance Corp.*, No. 08-CV-1713, 2012 WL 601448, at *13-14 (E.D.N.Y. Feb. 23, 2012) (dismissing a claim that the defendant misrepresented credit enhancements because the plaintiff merely alleged that the credit enhancement was "deficient" and explaining insufficiency of allegations that did not identify specific defective loans); *Wells Fargo Bank, N.A. v. LaSalle Bank, N.A.*, No. 11 C 2884, 2011 WL 4837493, at *3 (N.D. Ill. Oct. 11, 2011) (dismissing some breach-of-warranty claims because the complaint did "not allege the ways" in which the defendant breached particular warranties).  Absent such specific allegations, a claim alleging improper underwriting can only survive if it provides "a fairly specific account of how the relevant underwriters had systematically disregarded the [applicable] guidelines." *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp.*, 709 F.3d 109 (2d Cir. 2013) (quotation omitted); *accord Empls.' Ret. Sys. v. J.P. Morgan Chase & Co.*, 804 F.Supp.2d 141, 152 (S.D.N.Y. 2011).

 RFC's complaint alleges no specific facts to support its conclusion that Embrace breached the contract.  First, the complaint does not identify what contractual provisions or "other representations or warranties" Embrace breached or which of the many versions of the Client Guide Embrace breached.  (In fact, RFC attaches only excerpts of a single Client Guide and fails to include all the material provisions of the Client Guide in its

7

complaint.) Second, RFC does not allege how Embrace breached the contract—*i.e.*, which loans were defective or how they were defective. It merely states—in conclusory fashion—that unspecified loans sold by Embrace had a variety of defects, including ("upon information and belief") "owner occupancy fraud, appraisal fraud or inaccuracies, undisclosed debt, failure to comply with applicable state and federal laws, and missing or inaccurate documents, among others."[1] (Compl. ¶ 34.) In other words, RFC claims that it believes (but has no evidence that) unspecified loans from Embrace may have been defective in unspecified ways.

In light of these deficiencies, the complaint can only survive if it plausibly alleges that Embrace systematically disregarded the agreed-upon underwriting standards. *See Emps.' Ret. Sys.*, 804 F.Supp.2d at 152. But the complaint does not allege such a conclusion, much less facts to support it.

These deficiencies prevent Embrace from investigating RFC's claims and defending against them. RFC's failure to identify which contractual provisions Embrace breached prevents Embrace from determining whether its conduct conformed to its contractual obligations. RFC's failure to identify the allegedly breached warranties and representations prevents Embrace from assessing whether those warranties and representations are enforceable given the existence of a written contract. RFC's failure to

---

[1] Notably, RFC makes identical allegations in the other 66 complaints it recently filed, indicating that RFC has made no effort to analyze Embrace's loans but has simply recited a boilerplate list of possible loan defects. *See, e.g.*, *RFC v. New York Comm. Bank*, No. 0:13-cv-03501, Doc. 1, ¶ 34 (Dec. 13, 2013); *RFC v. Benchmark Funding, Inc.*, No. 0:13-cv-03452, Doc. 1, ¶ 34 (Dec. 13, 2013).

identify the defective loans or how they are defective prevents Embrace from determining whether the loans are actually defective and/or materially defective. And RFC's failure to identify the defective loans precludes a determination of whether the statute of limitations has run with respect to any of the relevant loans.[2]  In other words, RFC's complaint fails to put Embrace on notice of RFC's claims and prevents Embrace from defending itself. RFC's complaint should therefore be dismissed with prejudice.

## II.     The Complaint Does Not Sufficiently Allege That RFC Has Suffered Damages as a Result of Embrace's Alleged Breach of Contract

Although the complaint describes RFC's substantial losses, it does not allege any causal connection between Embrace's alleged breach and RFC's damages. To make out a claim for breach of contract, RFC must show that it has suffered damages as a result of Embrace's alleged breach. *Gen. Mills*, 789 F.Supp.2d at 1155; *see Nat'l Credit Union Admin. Bd. v. RBS Secur., Inc.*, 900 F.Supp.2d 1222, 1254-55 (D. Kan. 2012) (analyzing the causal link between defendant's alleged improper underwriting and plaintiff's damages); *N.J. Carpenters Vacation Fund v. The Royal Bank of Scotland Grp.*, 720 F.Supp.2d 254, 270 (S.D.N.Y. 2010) (same). Here, the complaint does not provide any facts demonstrating that Embrace's conduct caused RFC any damages. It does not, for instance, allege that any of the allegedly defective loans from Embrace defaulted, were delinquent, or suffered a downgraded credit rating. The most the complaint alleges is that

---

[2] A breach-of-contract action must be commenced within six years of the alleged breach. Minn. Stat. §§ 541.01, 05, subd. 1(1); *McClure v. Davis Eng'g, L.L.C.*, 716 N.W.2d 354, 359 (Minn. Ct. App. 2006). Since Embrace sold many loans to RFC more than six years ago, RFC's breach-of-contract claim is likely time-barred, in whole or in part.

9

some of the repurchase demands, lawsuits, and proofs of claim against RFC involved Embrace's loans; but it does not explain which ones involved Embrace's loans or whether any of Embrace's loans ultimately contributed to RFC's liability or settlements. (Compl. ¶¶ 43, 51.)

Again, this insufficient pleading seriously hinders Embrace's ability to investigate and challenge RFC's claims. Embrace cannot assess to what extent RFC's liability or settlements can be attributed to Embrace's loans, much less to Embrace's alleged breach. And Embrace cannot determine whether RFC's settlements were reasonable or whether RFC litigated the relevant cases diligently, both of which affect Embrace's liability to RFC. Given these deficiencies, the Court should dismiss RFC's breach-of-contract claim with prejudice.

Furthermore, the two pieces of litigation that RFC identifies do not support RFC's damages allegation. RFC first alleges that *MBIA Insurance Corp. v. Residential Funding Co.*, Index No. 603552-2008 (Sup. Ct. N.Y. County)[3] uncovered numerous defective loans, but it fails to connect these defective loans to Embrace. Indeed, the Prospectus

---

[3] Paragraph 44 of the Complaint states that the first relevant case filed against RFC was filed by bond insurer MBIA in "October 2008," which plainly refers to *MBIA Insurance Corp. v. Residential Funding Co.*, Index No. 603552-2008 (Sup. Ct. N.Y. County). This case was originally filed in the United States District Court for the Southern District of New York on October 15, 2008. MBIA voluntarily dismissed the case on December 4, 2008, and re-filed it the same day in New York state court. The complaints in the dismissed federal case and the state case are the same and involve the same trusts. *MBIA Ins. Corp. v. Residential Funding Co.*, No. 08-cv-8819 (S.D.N.Y.), Doc. No. 1; *MBIA Ins. Corp. v. Residential Funding Company, LLC*, Index No. 603552-2008 (Sup. Ct. N.Y. County), NYSCEF Doc. 1. On April 17, 2013, the New York state case was deemed "withdrawn without prejudice" "in light of automatic bankruptcy stay of the action." *Id.*, NYSCEF Doc. 277.

Supplements RFC filed with the SEC in connection with the five securitization trusts[4] at issue in *MBIA* do not list Embrace as an originator of the loans in the trusts. (Declaration of Sharon R. Markowitz ("Markowitz Dec."), Ex. 1, Ex. 2 at 4, Ex. 3 at 3, Ex. 4 at 3, Ex. 5 at 3, Ex. 6 at 4.[5]) Notably, the Prospectus Supplements identify RFC affiliates as the predominant originators of the loans at issue in *MBIA*. *Id.* Thus, the complaint does not plausibly allege that Embrace is liable for RFC's losses in connection with *MBIA*.

Likewise, the complaint does not show that Embrace is liable for RFC's losses in connection with the *New Jersey Carpenters* litigation. The *New Jersey Carpenters* litigation was based entirely on RFC's own securities fraud, for which Embrace cannot be liable. *New Jersey Carpenters Health Fund, et. al. v. Residential Capital, LLC, et. al.*, No. 2:08-cv-08781-HB-DCF, Doc. 222[6] (May 10, 2013); *see Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 839 (1996) ("[W]here the injured party is the sole proximate cause of the damage complained of, that party cannot recover in contract from a party whose breach of warranty is found to be a mere cause in fact of the damage.") Thus, the *New Jersey Carpenters* lawsuit does not provide a basis for RFC's damages allegation against Embrace. In short, RFC's complaint fails, not only because it fails to provide the detail

---

[4] The First Amended Complaint identifies those trusts as the Home Equity Loan Trust 2006-HSA4, Home Equity Loan Trust 2006-HSA5, Home Equity Loan Trust 2007-HSA1, Home Equity Loan Trust 2007-HSA2, and Home Equity Loan Trust 2007-HSA3. (Markowitz Dec., Ex. 1 at ¶ 29.)

[5] These public filings are available on the SEC's EDGAR website (http://www.sec.gov/Archives/edgar/data).

[6] RFC's complaint mistakenly quotes the First Amended Complaint in the *New Jersey Carpenter* case rather than the operative Third Amended Complaint. (Compl. ¶ 47.)

11

necessary under *Twombly/Iqbal*, but because the detail it *does* provide does not support RFC's claims against Embrace. For this reason, too, this Court should dismiss RFC's complaint with prejudice.

## CONCLUSION

In its effort to toll the statute of limitations and point the finger at as many mortgage correspondents as possible without first investigating the correspondents' actual liability, RFC has filed a legion of complaints containing nothing more than vague and conclusory allegations. For this reason, and for all the reasons stated in this memorandum, Embrace respectfully requests that the Court dismiss RFC's complaint with prejudice.

Date: March 7, 2014                     s/Todd A. Noteboom
                                        Todd A. Noteboom (#240047)
                                        W. Anders Folk (#0311388)
                                        Sharon R. Markowitz (# 0392043)
                                        STINSON LEONARD STREET LLP
                                        150 South Fifth Street, Suite 2300
                                        Minneapolis, Minnesota 55402
                                        Telephone:  612-335-1500
                                        Fax:  612-335-1657
                                        E-Mail:  todd.noteboom@stinsonleonard.com
                                        E-Mail:  anders.folk@stinsonleonard.com
                                        E-Mail: sharon.markowitz@stinsonleonard.com

                                        **ATTORNEYS FOR DEFENDANT
                                        EMBRACE HOME LOANS, INC.**