UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Company, LLC,                  Civ. No. 13-3457 (PAM/HB)

          Plaintiff,

v.                                                 **MEMORANDUM AND ORDER**

Embrace Home Loans, Inc.,

          Defendant.

This matter is before the Court on Defendant Embrace Home Loans's Motion to Dismiss Plaintiff Residential Funding Company's Second Amended Complaint. For the reasons that follow, the Motion is denied.

**BACKGROUND**

This is the second Motion to Dismiss filed in this case. The full factual background of the matter is set forth in the Court's previous Order and will not be repeated here. Residential Funding Co., LLC v. Embrace Home Loans, Inc., 27 F. Supp. 3d 980 (D. Minn. 2014). As relevant to the instant Motion, that Order determined that RFC's claims for loans it sold before May 14, 2006, were untimely, id. at 985; that RFC had not sufficiently pled a continuing violation under the parties' contract that might otherwise forestall the running of the statute of limitations, id. at 984; and that RFC's claims as to post-May 14, 2006, loans were insufficiently pled, id. at 986. The Order therefore dismissed the untimely claims with prejudice and the timely claims without prejudice, to allow RFC to replead. Id.

Embrace now moves to dismiss RFC's Second Amended Complaint (Docket No. 58), contending again that RFC's claims are untimely and insufficiently pled.

**DISCUSSION**

Embrace sold more than 8,700 mortgage loans to RFC over the course of the parties' relationship. (2d Am. Compl. ¶ 4.) Some of these loans were aggregated into mortgage-backed securities, and others were not securitized but were either retained by RFC or sold as whole loans. (Id. ¶ 19.) A complete list of the loans Embrace sold to RFC is attached to the Second Amended Complaint as Exhibits C-1 and C-2. (Id.)

In the Amended Complaint, RFC contended that "hundreds" of these loans were defective. (Am. Compl. ¶ 41.) The previous Order found that allegation insufficient, but gave RFC leave to replead as to loans within the statute of limitations—loans Embrace sold after May 14, 2006. The Second Amended Complaint now alleges that RFC conducted a random sampling of loans from the pool of loans Embrace sold and RFC subsequently securitized. (2d Am. Compl. ¶ 39.) RFC conducted what it calls a re-underwriting of the random sample of 150 of these loans, actually reviewing the contents of the loan file for each of this sample of loans. (Id.) This analysis "demonstrated that 73% of the loans in the sample were defective and violated Embrace's representations and warranties." (Id.) A list of all defective loans in this sample is attached to the Second Amended Complaint at Exhibit D. The pleading goes on to list 15 examples from the list of defective loans, including far more detail about the loan and the warranties allegedly breached than was contained in the Amended Complaint. (Id.)

2

RFC also reviewed all of the more than 2,900 Embrace loans that RFC securitized using an automated-value model ("AVM") and the borrowers' tax records. The findings revealed by this review showed that more than 80% of the loans Embrace sold to RFC that were subsequently securitized had loan-to-value ratios greater than 100%, in addition to other serious defects. (Id. ¶ 44.) This forensic review showed that 83% of these loans had at least one defect. (Id. ¶ 49.) A list of those defective loans is attached to the Second Amended Complaint as Exhibit E.

To preserve its appeal rights, the Second Amended Complaint re-asserts RFC's breach of contract claim as to all loans, not just the loans that are within the limitations period. RFC asks the Court to reconsider that statute-of-limitations ruling. The Second Amended Complaint also re-asserts the indemnification claim.

In this Motion, Embrace once again contends that RFC's breach-of-contract claim is untimely, arguing that the Second Amended Complaint does not relate back to either the original Complaint or the Amended Complaint. Embrace also contends that RFC has failed to state a breach-of-contract claim with respect to the loans Embrace sold RFC that were not subsequently securitized, the so-called "whole" loans. Finally, Embrace argues that RFC's indemnification claim fails because RFC has not pled any causation between Embrace's alleged breaches of its representations and warranties and RFC's losses.

**A.     Statute of Limitations**

Embrace contends that a dismissal without prejudice means that a re-filing of the dismissed claims does not relate back to the original filing. But this is directly contrary to the Federal Rules and logic. As Rule 15 provides, an amended pleading "relates back to the date of the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Moreover, the previous Order stated that RFC would be allowed to re-plead its breach-of-contract claims for loans sold after May 14, 2006. Thus, even assuming Embrace's argument was correct, the Court's Order supersedes any contrary authority. RFC's breach-of-contract claims for loans sold after May 14, 2006, are timely and will not be dismissed on this basis.

In its opposition to Embrace's statute-of-limitations argument, RFC contends that the parties' agreements extended the statute of limitations for the life of the loans Embrace sold RFC. (Pl.'s Opp'n Mem. at 16-17 (citing 2d Am. Compl. Ex. B-1 (Client Guide) § 205(C)).) This may be true, but RFC did not raise this argument in response to the previous Motion to Dismiss and has therefore waived it.

RFC also argues, as it did in its opposition to the previous Motion, that it alleges a continuing breach of Embrace's duty to notify RFC of loan defects, and thus that this portion of the breach-of-contract claim is timely as to all of Embrace's loans. The previous Order rejected this argument, finding that RFC had failed to plead any loan defects that arose after the loan's inception which might have given rise to a continuing duty to notify.

The Second Amended Complaint now alleges that Embrace "continually breached [its duty to notify], including through to the present, by failing to inform RFC of the loan defects." (2d Am. Compl. ¶ 20.) RFC alleges that, even if the defects were present at the loan's inception, Embrace had a duty to discover those defects and to notify RFC about them on discovery. Embrace's failure to discover the defects and/or notify RFC about the defects is, according to RFC, a continuing breach of Embrace's contractual duties that continued up to the filing of the lawsuit. Therefore, RFC asserts, its breach-of-contract claim is timely.

Other Judges in this District who have faced similar allegations to those in the Second Amended Complaint have determined that these allegations create at least a fact issue as to whether the statute of limitations bars the duty-to-notify claim, making dismissal inappropriate. See, e.g., Residential Funding Co., LLC. v. CTX Mortg. Co., LLC, No. 14-cv-1710, slip op. at 5-6 (D. Minn. Jan. 23, 2015) (Doty, J.) (finding identical allegations that defendant breached its continuing obligations sufficient to survive a motion to dismiss); Residential Funding Co., LLC v. Academy Mortg. Corp., No. 13-cv-3451, 2014 WL 5860566, at *12 (D. Minn. Nov. 12, 2014) (Nelson, J.) (finding it "plausible" that defendant may have breached a warranty after the sale of a pre-May 14, 2006, loan and that such post-sale breach would give rise to a timely claim for breach of that warranty); accord, e.g., Residential Funding Co., LLC v. Gateway Bank, F.S.B., No. 13-cv-3518, 2014 WL 3952321, at *16 (D. Minn. Aug. 13, 2014) (Davis, C.J., adopting recommendation of Mayeron, M.J.).

At this preliminary stage of the litigation, RFC has now sufficiently pled a breach of Embrace's continuing obligation to notify RFC of the defects in its loans. RFC may pursue its breach-of-warranty claim as to loans sold before May 14, 2006. However, Embrace is free to raise the issue again, and if "RFC is unable to demonstrate violations of a legally-sound continuing obligation, its claims as to those loans will be dismissed." Residential Funding Co., LLC v. Broadview Mortg. Corp., No. 13-cv-3463, 2014 WL 4104819, at *7 (D. Minn. Aug. 19, 2014) (Montgomery, J.).

**B.     Indemnification**

Embrace's final argument is that RFC has failed to allege that it has any right to indemnification from Embrace. Embrace contends that RFC has not sufficiently alleged that the defective loans actually caused RFC any losses.

Embrace's motion with regard to RFC's indemnification claim is a premature motion for summary judgment. Embrace asserts that at least some of the defects RFC alleges would not have caused RFC any losses, but this is a matter for discovery. Embrace argues that the parties may ultimately discover that no defects in any Embrace loan actually caused RFC any loss or liability, and that therefore the Court should dismiss the indemnification claim. But as RFC contends, this is backwards. Discovery may show that the defects in the loans Embrace sold to RFC did not cause the losses RFC suffered. But at this stage, RFC has plausibly alleged that it suffered losses as a result of defects in Embrace's loans and that Embrace is obligated to indemnify RFC for those losses. That is all Rule 8 requires.

**C.     "Whole" loans**

Finally, Embrace argues that the Second Amended Complaint should be dismissed insofar as it attempts to raise claims arising from loans RFC did not securitize. According to Embrace, RFC's re-underwriting and examination of the loans Embrace sold was confined to loans that were securitized, and thus RFC's allegations are insufficient to establish any claim with respect to the whole loans. Again, however, this is an argument for summary judgment, not for a motion to dismiss.

When faced with a Rule 12 motion, the Court determines whether, giving the plaintiff the benefit of all inferences, the allegations state a plausible claim to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Embrace's contentions in this regard amount to a request that the Court refuse to give RFC the benefit of all reasonable inferences, something that is not appropriate on a motion to dismiss. The Second Amended Complaint has plausibly alleged that Embrace sold RFC mortgage loans that were defective in material ways, and that RFC was harmed regardless of whether it securitized or did not securitize those loans. (2d Am. Compl. ¶¶ 77-78.) The allegations are sufficient to state a claim.

**CONCLUSION**

Embrace has failed to establish that RFC has no claim on which relief can be granted. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss the Second Amended Complaint (Docket No. 65) is **DENIED**.

Dated: March 19, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge